SHORT RECORD
NO. 25-1004
FILED 01/02/2025

# U.S. District Court
## CENTRAL DISTRICT OF ILLINOIS (Urbana)
## CIVIL DOCKET FOR CASE #: <u>2:21−cv−02293−CSB−EIL</u>

Peterson v. McDonough
Assigned to: Judge Colin Stirling Bruce
Referred to: Magistrate Judge Eric I. Long
Cause: 05:551 Administrative Procedure Act

Date Filed: 11/30/2021
Date Terminated: 11/12/2024
Jury Demand: Defendant
Nature of Suit: 899 Other Statutes:
Administrative Procedures Act/Review or
Appeal of Agency Decision
Jurisdiction: U.S. Government Defendant

**Plaintiff**

**Dr. John Peterson**
*MD*

represented by  **Ronald S Langacker**
LANGACKER LAW
210 N. Broadway Avenue
Urbana, IL 61801
217−954−1025
Fax: 217−903−5255
Email: ron@langackerlaw.com
*ATTORNEY TO BE NOTICED*

V.

**Defendant**

**Secretary of Veterans Affairs**

represented by  **Kathy Swett**
US ATTY
1830 2nd Avenue
Rock Island, IL 61201−8003
309−283−3316
Email: kathy.swett@usdoj.gov
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**Denis R McDonough**

represented by  **Kathy Swett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

**Defendant**

**United States Department of Veterans
Affairs**

represented by  **Kathy Swett**
(See above for address)
*LEAD ATTORNEY*
*ATTORNEY TO BE NOTICED*

Email All Attorneys
Email All Attorneys and Additional Recipients

| Date Filed | # | Docket Text |
|---|---|---|
| 11/30/2021 | 1 | COMPLAINT against Veterans Administration ( Filing fee $ 402 receipt number AILCDC−3814151.), filed by John Peterson. (Attachments: # 1 Exhibit A, # 2 Exhibit B, # 3 Exhibit C, # 4 Exhibit D, # 5 Civil Cover Sheet)(Langacker, Ronald) (Entered: 11/30/2021) |
| 11/30/2021 | 2 | Summons Issued as to Denis R McDonough, Secretary of Veterans Affairs, United States Department of Veterans Affairs and returned to counsel for service. (DS) (Entered: 11/30/2021) |
| 01/12/2022 | 3 | AFFIDAVIT of Service for Complaint & Summons served on U.S. Attorney General on 12/10/2021, filed by John Peterson. (Langacker, Ronald) Modified on 1/14/2022 to correct typo (DS). (Entered: 01/12/2022) |
| 01/12/2022 | 4 | AFFIDAVIT of Service for Complaint & Summons served on Dept. of Veterans Affairs on 12/13/2021, filed by John Peterson. (Langacker, Ronald) Modified on 1/14/2022 to correct typo (DS). (Entered: 01/12/2022) |
| 01/14/2022 | | Set/Reset Deadlines: Secretary of Veterans Affairs answer due 4/9/2022; United States Department of Veterans Affairs answer due 4/9/2022. (DS) (Entered: 01/14/2022) |
| 03/28/2022 | 5 | Summons Issued as to Gregory K. Harris, US Attorney for the Central District of Illinois. (BMG) (Entered: 03/28/2022) |
| 05/23/2022 | 6 | ANSWER to 1 Complaint, AND AFFIRMATIVE DEFENSES by Denis R McDonough, Secretary of Veterans Affairs, United States Department of Veterans Affairs.(Swett, Kathy) (Entered: 05/23/2022) |
| 05/24/2022 | 7 | ORDER setting Rule 16 Scheduling Conference entered by Magistrate Judge Eric I. Long on 5/24/2022. Rule 16 Scheduling Conference set for 6/23/2022 at 9:45 AM in Courtroom B in Urbana before Magistrate Judge Eric I. Long. See written order. (JMB) (Entered: 05/24/2022) |
| 06/16/2022 | 8 | REPORT of Rule 26(f) Planning Meeting by John Peterson. (Langacker, Ronald) (Entered: 06/16/2022) |
| 06/17/2022 | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 6/17/2022. The court hereby vacates the Rule 16 Scheduling Conference set for 6/23/22. The court adopts the deadlines in the Parties' Agreed Report of Rule 26(f) Planning Meeting 8 . Pursuant to Rule 26(a)(1)(e)(i), the parties are exempt from initial disclosure as this is an action for review on an administrative record. Defendants shall file the Certified Administrative Record ("Record") with index on or before July 1, 2022. Plaintiff shall notify Defendants of any objections or proposed supplements to the Record on or before July 21, 2022. If the parties are unable to resolve any disputes in relation to the Record, Plaintiff shall file a motion to complete/supplement the Record, or for review of extra−record documents, on or before August 11, 2022. Defendants' response to Plaintiffs motion shall be due on or before August 25, 2022. Plaintiff's Brief in support shall be filed by November 1, 2022. Defendants Response Brief shall be filed by December 15, 2022. Plaintiff' Reply Brief shall be filed by January 2, 2023.(DS) (Entered: 06/17/2022) |
| 06/27/2022 | 9 | Administrative Record of Disciplinary Appeals Board Record Received.. (Attachments: # 1 Exhibit Part 1 − Administrative Record, # 2 Exhibit Part 2 − Administrative Record, # 3 Exhibit Part 3 − Administrative Record, # 4 Exhibit Part 4 |

| | | |
|---|---|---|
| | | − Administrative Record, # <u>5</u> Exhibit Part 5 − Administrative Record, # <u>6</u> Exhibit Part 6 − Administrative Record, # <u>7</u> Exhibit Part 7 − Administrative Record, # <u>8</u> Exhibit Part 8 − Administrative Record, # <u>9</u> Exhibit Part 9 − Administrative Record, # <u>10</u> Exhibit Part 10 − Administrative Record, # <u>11</u> Exhibit Part 11 − Administrative Record, # <u>12</u> Exhibit Part 12 − Administrative Record, # <u>13</u> Exhibit Part 13 − Administrative Record, # <u>14</u> Exhibit Part 14 − Administrative Record, # <u>15</u> Exhibit Part 15 − Administrative Record, # <u>16</u> Exhibit Part 16 − Administrative Record)(Swett, Kathy) (Entered: 06/27/2022) |
| 08/11/2022 | <u>10</u> | Administrative Record of Disciplinary Appeals Board Record Received.. (Attachments: # <u>1</u> Supplement Agreed Records for Completion of Record, # <u>2</u> Supplement Agreed Records for Completion of Record)(Swett, Kathy) (Entered: 08/11/2022) |
| 08/11/2022 | <u>11</u> | MOTION to Supplement <u>9</u> State Court Record/Other Record Received,,, <u>10</u> State Court Record/Other Record Received by Plaintiff John Peterson. Responses due by 8/25/2022 (Attachments: # <u>1</u> Exhibit 1, # <u>2</u> Exhibit 2, # <u>3</u> Exhibit 3, # <u>4</u> Exhibit 4 − Rebuttal, # <u>5</u> Exhibit 5)(Langacker, Ronald) (Entered: 08/11/2022) |
| 08/17/2022 | <u>12</u> | RESPONSE to Motion re <u>11</u> MOTION to Supplement <u>9</u> State Court Record/Other Record Received,,, <u>10</u> State Court Record/Other Record Received filed by Defendants Denis R McDonough, Secretary of Veterans Affairs, United States Department of Veterans Affairs. (Swett, Kathy) (Entered: 08/17/2022) |
| 10/20/2022 | <u>13</u> | MOTION for Extension of Time to File *Written Arguments* by Plaintiff John Peterson. Responses due by 11/3/2022 (Langacker, Ronald) (Entered: 10/20/2022) |
| 10/21/2022 | | TEXT ORDER entered by Magistrate Judge Eric I. Long on 10/21/2022. Plaintiff's unopposed Motions for Extension of Time <u>13</u> is GRANTED. The following deadlines are set: Plaintiff's Initial Brief is due January 31, 2023; Defendants Response is due March 15, 2023; and Plaintiff's Reply is due April 1, 2023.(BMG) (Entered: 10/21/2022) |
| 11/21/2022 | <u>14</u> | ORDER entered by Magistrate Judge Eric I. Long on 11/21/2022. Plaintiff's Motion to Supplement the Record <u>11</u> is denied. Plaintiff's Initial Brief is due January 31, 2023. Defendants' Response is due March 15, 2023. Plaintiff's Reply is due April 1, 2023. See written Order. (Other Deadline (Initial Brief) set for 1/31/2023; Secondary Other Deadline (Defendants' Response) set for 3/15/2023; Replies due by 4/1/2023.) (DS) (Entered: 11/21/2022) |
| 01/27/2023 | <u>15</u> | MEMORANDUM *in Support of Complaint for Judicial Review* by John Peterson. (Langacker, Ronald) (Entered: 01/27/2023) |
| 03/13/2023 | <u>16</u> | Cross MOTION for Summary Judgment *and Response to Plaintiff's Memorandum in Support of Complaint for Judicial Review* by Defendants Denis R McDonough, Secretary of Veterans Affairs, United States Department of Veterans Affairs. Responses due by 4/3/2023 (Attachments: # <u>1</u> Exhibit 1 − VHA 1100.19)(Swett, Kathy) (Entered: 03/13/2023) |
| 03/16/2023 | <u>17</u> | MOTION for Extension of Time to File Response/Reply by Plaintiff John Peterson. Responses due by 3/30/2023 (Langacker, Ronald) (Entered: 03/16/2023) |
| 03/17/2023 | | TEXT ORDER entered by Judge Colin Stirling Bruce on 3/17/23. Plaintiff's Motion to Extend Deadlines <u>17</u> , to which Defendant has no objection, is GRANTED. The new deadline for Plaintiff to file a response to Defendant's Cross Motion for Summary |

| | | |
|---|---|---|
| | | Judgment <u>16</u> is April 17, 2023.(BMG) (Entered: 03/17/2023) |
| 04/14/2023 | <u>18</u> | REPLY to Response to Motion re <u>16</u> Cross MOTION for Summary Judgment *and Response to Plaintiff's Memorandum in Support of Complaint for Judicial Review* filed by Plaintiff John Peterson. (Langacker, Ronald) (Entered: 04/14/2023) |
| 11/12/2024 | <u>19</u> | ORDER granting <u>16</u> Motion for Summary Judgment entered by Judge Colin Stirling Bruce on 11/12/2024. The Department of Veterans Affairs' final decision, which executed the Disciplinary Appeals Board's decision, is hereby AFFIRMED. Defendant's Response in Opposition to Plaintiff's Memorandum of Law in Support of Complaint for Judicial Review and Defendant's Cross Motion for Summary Judgment <u>16</u> is GRANTED. This case is TERMINATED. See written Order. (RAH) (Entered: 11/12/2024) |
| 11/12/2024 | <u>20</u> | JUDGMENT entered. (RAH) (Entered: 11/12/2024) |
| 01/02/2025 | <u>21</u> | NOTICE OF APPEAL as to <u>19</u> Order on Motion for Summary Judgment, by John Peterson. Filing fee $ 605, receipt number AILCDC−4638925. (Langacker, Ronald) (Entered: 01/02/2025) |
| 01/02/2025 | <u>22</u> | DOCKETING STATEMENT by John Peterson re <u>21</u> Notice of Appeal (Langacker, Ronald) (Entered: 01/02/2025) |

## UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| DR. JOHN A. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-2293 |
| | ) | |
| DENIS R. MCDONOUGH, SECRETARY | ) | Judge Colin Bruce |
| of VETERANS AFFAIRS, UNITED | ) | |
| STATES DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

### NOTICE OF APPEAL

Notice is hereby given that under 28 U.S.C. § 1291, 38 U.S.C. § 7462(f)(1), and Fed. R.

App. P. 4(a)(1)(B)(iii), Plaintiff John A. Peterson, M.D. hereby appeals to the United States Court

of Appeals for the Seventh Circuit from the Final Judgment entered in this action on November

12, 2024 (Dkt. 19) and from all adverse orders preceding that judgment.

/s/Ronald S. Langacker
Ronald S. Langacker, #6239469
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
ron@langackerlaw.com

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| DR. JOHN A. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-2293 |
| | ) | |
| DENIS R. MCDONOUGH, SECRETARY | ) | Judge Colin Bruce |
| of VETERANS AFFAIRS, UNITED | ) | |
| STATES DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on January 2, 2025, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Denis R. McDonough, Secretary
United States Department of Veteran Affairs
810 Vermont Avenue, NW
Washington, D.C. 20420

United States Department of Veterans Affairs
c/o Merrick Garland, Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

Gregory K. Harris
U.S. Attorney for the Central District of Illinois
United States Attorney's Office
Central District of Illinois
318 S. 6th Street
Springfield, Illinois 62701

/s/Ronald S. Langacker
Ronald S. Langacker, #6239469
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
ron@langackerlaw.com

# UNITED STATES DISTRICT COURT
## FOR THE CENTRAL DISTRICT OF ILLINOIS
### URBANA DIVISION

| | | |
|---|---|---|
| DR. JOHN A. PETERSON, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 2:21-cv-2293 |
| | ) | |
| DENIS R. MCDONOUGH, SECRETARY | ) | Judge Colin Bruce |
| of VETERANS AFFAIRS, UNITED | ) | |
| STATES DEPARTMENT OF | ) | |
| VETERANS AFFAIRS, | ) | |
| | ) | |
| Defendant. | ) | |

## DOCKETING STATEMENT

NOW COMES Plaintiff-Appellant, Dr. John A. Peterson, by and through his counsel of record, Ronald S. Langacker, and pursuant to Fed. R. App. P. 12 and 7th Cir. Rule 3(c), submits the following Docketing Statement:

1. District Court Jurisdiction: The United States District Court for the Central District of Illinois had jurisdiction over this matter as a civil action arising under the Constitution, laws, or treaties of the United States, pursuant to 28 U.S.C. § 1331. Specifically, Plaintiff sought review in the district court of Defendant's removing Plaintiff from his federal employment and revocation of his medical practicing privileges with the VA Illiana Healthcare System in Danville, Illinois, pursuant to 38 U.S.C. § 7462(f)(1) and the Administrative Procedure Act (5 U.S.C. §§ 701-706).

2. Appellate Court Jurisdiction: This Court has jurisdiction over the appeal of the final judgment of the district court in this matter pursuant to 28 U.S.C. § 1291. The final judgment in this matter was entered on November 12, 2024. Pursuant to Fed. R. App. P. 4(a)(1)(B)(iii), Plaintiff

timely filed his notice of appeal on January 2, 2025. Fed. R. App. P. 4(a)(1)(B)(iii) (providing that a notice of appeal may be filed by any party within 60 days of the entry of judgment.

3. Ongoing Proceedings in the District Court: There are currently no ongoing proceedings in the district court related to the claims on which final judgment was entered on.

4. Official Capacity Designations: Pursuant to Circuit Rule 3(c)(1), Plaintiff states that one of the parties to this action is Defendant Denis R. McDonough who appears in his official capacity as the Secretary of the Department of Veterans Affairs. As of the date of this filing, Secretary McDonough remains in that position.

5. Related Appellate Proceedings: There have been no previous related appellate proceedings in this case.

 Dated the 2nd day of January, 2025.

/s/Ronald S. Langacker
Ronald S. Langacker, #6239469
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
ron@langackerlaw.com

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF ILLINOIS
## URBANA DIVISION

| | | |
|---|---|---|
| **DR. JOHN A. PETERSON,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **No. 2:21-cv-2293** |
| | ) | |
| **DENIS R. MCDONOUGH, SECRETARY** | ) | **Judge Colin Bruce** |
| **of VETERANS AFFAIRS, UNITED** | ) | |
| **STATES DEPARTMENT OF** | ) | |
| **VETERANS AFFAIRS,** | ) | |
| | ) | |
| **Defendant.** | ) | |

### CERTIFICATE OF SERVICE

The undersigned attorney of record hereby certifies that on January 2, 2025, he electronically filed the foregoing with the Clerk of the Court using the CM/ECF system, which will send notification of such filing to the following:

Denis R. McDonough, Secretary
United States Department of Veteran Affairs
810 Vermont Avenue, NW
Washington, D.C. 20420

Gregory K. Harris
U.S. Attorney for the Central District of Illinois
United States Attorney's Office
Central District of Illinois
318 S. 6th Street
Springfield, Illinois 62701

United States Department of Veterans Affairs
c/o Merrick Garland, Attorney General
950 Pennsylvania Avenue, NW
Washington, D.C. 20530

/s/Ronald S. Langacker
Ronald S. Langacker, #6239469
Langacker Law, Ltd.
210 N. Broadway Ave.
Urbana, Illinois 61801
ron@langackerlaw.com

Case 2:21-cv-02293-CSB-EIL    # 23    Filed: 01/02/25    Page 1 of 23
Case: 25-1004    Document: 1-1    Filed: 01/02/2025    Pages: 33
E-FILED
110 of 33
Tuesday, 12 November, 2024 02:57:14 PM
Clerk, U.S. District Court, ILCD

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF ILLINOIS**
**URBANA DIVISION**

---

| | |
|---|---|
| JOHN A. PETERSON, | ) |
| | ) |
| Plaintiff, | ) |
| | )     **Case No. 21-CV-2293** |
| v. | ) |
| | ) |
| DENIS R. MCDONOUGH, | ) |
| SECRETARY OF VETERANS AFFAIRS, | ) |
| and UNITED STATES DEPARTMENT | ) |
| OF VETERANS AFFAIRS, | ) |
| | ) |
| Defendants. | |

## <u>ORDER</u>

On January 27, 2023, Plaintiff John A. Peterson filed a Memorandum of Law in

Support of Complaint for Judicial Review (#15). On March 13, 2023, Defendant, Denis

R. McDonough, Secretary of Veterans Affairs, filed a Response in Opposition to

Plaintiff's Memorandum of Law in Support of Complaint for Judicial Review and

Defendant's Cross Motion for Summary Judgment (#16). On April 14, 2023, Plaintiff

filed a Reply Memorandum of Law in Support of Complaint for Judicial Review (#18).

For the following reasons, the Department of Veterans Affairs' final decision, which

executed the Disciplinary Appeals Board's ("DAB") decision, is hereby AFFIRMED.

## BACKGROUND

Plaintiff was employed by the Veterans Administration Illiana Health Care System ("VAIHCS") as a full-time physician in Pain Management from February 21, 2016, until November 9, 2020, when he was given notice of his removal due to "conduct."

Prior to Plaintiff's removal, he was notified via letter dated January 17, 2020, from Shawn M. Bransky, Director of VAIHCS, that his privileges at VAIHCS were suspended effective that day due to concerns about his management of pain management patients, pending a comprehensive review of those concerns. Plaintiff's privileges were suspended on the recommendation of the Chief of Staff after concerns that Plaintiff's clinical care did not meet the accepted standards of practice and potentially constituted an imminent threat to patient welfare. A few days later, Steigmann Law PC informed the VA that they would be representing Plaintiff during his suspension and any subsequent administrative hearings.[1]

The January 17 letter had stated a comprehensive review would be accomplished within 30 calendar days of the suspension. However, VAIHCS gave itself eight consecutive 30-day extensions to complete the comprehensive review in a series of letters sent to Plaintiff. VAIHCS's given reason for the delay in its February, March, and September 2020 letters was "to allow for the Medical Center Director and Chief of Staff to complete any necessary duties under the Bylaws and Rules of the Medical Staff of the

---

[1] Plaintiff has retained new counsel for the instant action.

VA Illiana Health Care System." VAIHCS's given reason for delay in its April, May, June, July, and August 2020 letters was "as a result of COVID 19."

In August 2020, Plaintiff had a conversation with a single patient regarding methadone treatment while Plaintiff was under review and instructed not to speak to patients.

On September 14, 2020, Defendant sent a letter to Plaintiff, signed by Bransky, regarding his summary suspension, which indicated that it was taken on the recommendation of the Chief of Staff and set forth the next steps. The next day, as part of its investigation into the allegations against Plaintiff, Defendant drafted its Title 38 Aggravating & Mitigating Factors memorandum, signed by Gerson A. Teran, Acting Chief of Staff. On September 17, the Clinical Executive Board Credentialing Committee met and reviewed Plaintiff's summary suspension and voted to revoke his privileges, to be presented to Bransky for approval.

By letter dated October 13, 2020, Vasanthan Naidu, Chief of Specialty Services at VAIHCS, notified Plaintiff of a proposal to remove him from federal service and revoke his privileges at VAIHCS. Naidu was not the Chief of Staff or Acting Chief of Staff. Naidu's letter set forth two charges. Charge 1 alleged a failure to provide medical care and was supported by 21 specifications of instances in a 12-month period where Plaintiff allegedly failed to provide appropriate medical care regarding opioid therapy. Charge 2 alleged a failure to follow instructions and was supported by a single specification alleging that Plaintiff had spoken with a VAIHCS patient during his suspension. None of the specifications cited to a specific law, regulation, policy,

3

procedure, or practice that Plaintiff violated; the letter did, however, state in each

Charge 1 specification that Plaintiff's treatment or treatment plans failed to meet the

standard of care, and for Charge 2, cited a January 17, 2020, memorandum advising

Plaintiff to not have any further contact with VAIHCS patients during his

administrative status. The October 13 letter also stated that the concerns suggest that

Plaintiff may have failed to meet "generally-accepted standard of clinical practice[.]"

That same day, Plaintiff was provided a copy of and signed his *Weingarten*[2] rights.

Given the complexity of the charges against Plaintiff, and because he had been

on administrative leave for nine months prior to the notice of proposal to remove him

from federal service, on October 16, 2020, Plaintiff's then-attorney requested 90 days to

review the specifications and prepare an adequate response, instead of the seven days

provided in the Proposed Removal and Revocation of Clinical Privileges. Defendant

denied the request on October 29, 2020.

On November 4, 2020, Bransky notified Plaintiff that the charges against him had

been sustained, and he was removed from federal employment and his privileges were

revoked, effective November 9, 2020. The same day, Plaintiff was provided with the

relevant VA Handbook provisions and the instructions for filing an appeal to the DAB,

as well as "Human Resources Management Letter No. 05-17-08 Disciplinary and Major

Adverse Action Procedures (Title 38 Employees)."

---

[2] *N.L.R.B. v. J. Weingarten, Inc.*, 420 U.S. 251, 254 (1975).

On November 10, 2020, Plaintiff appealed the decision and requested a hearing

before the DAB. At the same time, Plaintiff requested time to secure a contract to

complete an outside review of the evidence against him, read-only access to the charges,

and access to statistics of his practice and the general medical staff to determine the

proportion of patients drug-screened. A November 27, 2020, letter from Ehtsham Haq,

M.D., Chair of the DAB, informed Plaintiff of who would serve on the Board, the

hearing date of January 6, 2021, and outlined the procedures to be followed, including

deadlines for submitting motions and exhibits. Sometime between mid-October and

late-November 2020, the VA provided Plaintiff with over 2,000 pages of documents

purporting to make up the evidence against Plaintiff.[3]

By letter of December 2, 2020, Plaintiff's counsel requested additional time to

secure a contract for an outside review of the board's findings and advised the DAB

that Plaintiff would waive the statutory time frames listed in Haq's letter. Plaintiff

subsequently executed a waiver on December 3, 2020. In an email on December 4,

Plaintiff's counsel again asked for an answer to the request for adequate time to obtain

an expert, read-only access to the evidence against Plaintiff, and statistics of his practice

and the practices of the general medical staff. The VA acknowledged receipt of

---

[3] Defendant disputes when the evidence file was given to Plaintiff. Defendant claims
that on October 13, 2020, Plaintiff was provided a copy of the evidence file and given up
to eight hours of time during work to review the file, and that on October 14, 2020,
Plaintiff acknowledged receipt of the October 13 materials. The acknowledgement only
indicates that Plaintiff "received the original and one (1) copy of [the] letter" but does
not specifically indicate that Plaintiff received a copy of the evidence file. Additionally,
Defendant admitted in his answer that Plaintiff received the evidence file in late
November.

Plaintiff's waiver on December 16, 2020, and scheduled the hearing date for February 24, 2021. On December 18, the DAB granted Plaintiff's request to hire an expert, but denied the requests for read-only access to the evidence and to statistical evidence on the ground that the DAB process does not allow for discovery. The DAB also approved Plaintiff's request for six witnesses from the VA to testify.

On January 22, 2021, Plaintiff requested that his hearing be moved to April 2021. On January 29, 2021, the DAB granted that request, so Plaintiff could find and retain an expert witness, and advised Plaintiff that the hearing board was comprised of physicians with at least the same category and position as Plaintiff.

On March 12, 2021, the DAB sent a letter to Plaintiff advising that the deadline for submitting witnesses or pre-hearing motions and exhibits of March 8, 2021, had passed with no submissions by Plaintiff and confirmed the April 20 hearing date. Plaintiff then requested another extension to disclose his expert witness and to move the hearing to June 2021, which was granted by the DAB on March 19, 2021, via letter. The letter stated, "The Appellant's submission of the name of the expert witness for consideration by the Board must be received by the Board no later than 11:59 p.m., CDT on May 17, 2021. . . . The Board previously set deadlines for and received pre-hearing motions and requests for exhibits, ruled upon them, and notified the parties of the Board's decision regarding each of them." The hearing was then set for June 2, 2021.

On May 14, 2021, Plaintiff's counsel advised the DAB that Plaintiff had still not retained an expert because the individual tasked with locating an expert in chronic pain management did not locate an expert. Plaintiff's counsel hired a new consulting firm

and hoped to disclose an expert by June 30, 2021. The VA objected to this extension.

Plaintiff identified his expert on May 17, 2021, and requested that the hearing on June 2,

2021, be moved to July 2021. The next day, the DAB denied the request to extend the

hearing date, stating: "There is time for the expert witness, if approved, to review the

evidence file prior to the hearing."

The DAB approved Plaintiff's expert witness, but Plaintiff states that two weeks

was insufficient time for his expert to review the file before the hearing on June 2, 2021.

Because of that, according to Plaintiff, he prepared a 154-page rebuttal to the charges

against him.[4]

The hearing was held on June 2, 2021, at which the DAB heard testimony from

four witnesses on behalf of the VA and from Plaintiff on his own behalf. Plaintiff's

counsel indicated that he would ask Plaintiff to talk about the contents of the rebuttal

statement in his testimony. When Plaintiff read from the document in answering

questions by his attorney, counsel for the VA objected, and the DAB ultimately ruled

that Plaintiff could read from the evidence file, but not from the rebuttal statement he

prepared as notes to address the claims against him. Importantly, the DAB made it clear

that Plaintiff *was* permitted to review, reference, and refer to his rebuttal statement in

responding to questions. He was not, however, permitted to simply read his notes

aloud. The rebuttal statement was not admitted as a part of the administrative record.

---

[4] Defendant disputes this rationale but admits that Plaintiff prepared a rebuttal statement, and states that the rebuttal statement was not admissible and is not part of the administrative record.

On July 15, 2021, the DAB issued a decision recommending that both charges be sustained, and that Plaintiff be removed from federal service and his privileges revoked. That decision became the VA's final decision on October 12, 2021, after approval by Mark Upton, the Deputy to the Assistant Under Secretary for Health for Community Health Care, performing the Delegable Duties of the Deputy Under Secretary for Health. On October 28, 2021, the VA notified Plaintiff that VAIHCS had submitted an Adverse Action Report to the National Practitioner's Data Bank.

## ANALYSIS

Under 38 U.S.C. § 7462(f)(1), an employee under § 7401(1) may seek judicial review of the final order or decision of a DAB. In those cases, "the court shall review the record and hold unlawful and set aside any agency action, finding, or conclusion found to be--(A) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (B) obtained without procedures as required by law, rule, or regulation having been followed; or (C) unsupported by substantial evidence." 38 U.S.C. § 7462(f)(2).

Plaintiff argues that the VA's decision to terminate his employment should be reversed because it was arbitrary and capricious, and because he was denied due process under the U.S. Constitution.

### 1. Arbitrary and Capricious

Plaintiff alleges that the VA's final decision to terminate Plaintiff was arbitrary and capricious because: 1) the DAB refused to allow Plaintiff to enter his rebuttal

statement into the administrative record, 2) the DAB failed to weigh aggravating and mitigating factors, and 3) VAIHCS failed to adhere to its own procedures.

An agency's decision may be found invalid as arbitrary and capricious if the agency "relied on factors that Congress did not intend it to consider, failed to consider an important aspect of the problem, or failed to articulate a satisfactory connection between the facts found and the choice made[.]" *Dubnow v. McDonough*, 30 F.4th 603, 610 (7th Cir. 2022) (citing *Sierra Club v. U.S. Env't Prot. Agency*, 774 F.3d 383, 393 (7th Cir. 2014)). But the standard is highly deferential, and an agency's determination will be disturbed only if it lacks a rational basis. *Dubnow*, 30 F.4th at 610 (citing *Doran v. Wilkie*, 768 F.App'x 340, 349 n.6 (6th Cir. 2019) ("[T]he arbitrary-and-capricious standard of 38 U.S.C. § 7462(f) … mirrors the standard of review of administrative actions under the Administrative Procedures Act" (citing 5 U.S.C. § 706(2)))); *Sierra Club*, 774 F.3d at 393. The court will not "reweigh evidence, resolve conflicts, decide questions of credibility, or substitute [its] judgment for that of the [agency]." *Dubnow*, 30 F.4th at 610 (quoting *Burmester v. Berryhill*, 920 F.3d 507, 510 (7th Cir. 2019)). The court may not supply a reasoned basis for an agency's action that the agency did not give, but the court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Motor Vehicle Mfrs. Ass'n of U.S., Inc. v. State Farm Mut. Auto. Ins. Co.*, 463 U.S. 29, 43 (1983). "Still, the agency must provide a 'logical bridge' between the evidence and its conclusion." *Dubnow*, 30 F.4th at 610 (quoting *Kastner v. Astrue*, 697 F.3d 642, 646 (7th Cir. 2012)).

*Rebuttal Statement*

Plaintiff argues that he had the right to submit rebuttal evidence, and it was arbitrary and capricious for the DAB to reject his rebuttal statement without any justification and prevent him from using and reading from the rebuttal statement while responding to questioning. Defendant responds that there was a clear basis for the DAB's decision to not admit the rebuttal statement, namely, that the statement was untimely because it was submitted the night before the hearing. Plaintiff argues that regardless of Defendant's belief that there was a clear basis for the decision, Defendant did not state its rationale to Plaintiff. Plaintiff also states that the untimely submission was necessitated by the DAB's refusal to grant an extension for his retained expert to review the evidence file.

The court disagrees with Plaintiff that the DAB did not provide a reason as to why the rebuttal statement was refused. The relevant portion of the hearing proceeded as follows:

> [Haq]: Dr. Peterson, let me clarify for the record. These 154 pages were emailed by your attorney Mr. Vargas last night, 7:30 p.m. to the Board and Agency. Agency has objection, 154 pages I am not sure what time they seen it, but they have a relevant objection they could not read before the hearing last night. So Board made a decision that this is not part of the evidence file which you are referring to. If it was part of the evidence file, we would let you discuss and talk. Evidence file is right there. You are welcome to refer for any answers to your evidence file and you can let us know.

USA2135.

The court is persuaded that Haq's clarification is sufficient to provide the DAB's justification for refusing to admit the rebuttal statement—the rebuttal statement was untimely.

Plaintiff cites persuasive authority, *Doe v. Lieberman*, 2021 WL 4476748 (D.D.C. Sept. 30, 2021), to support his position that the DAB was under an obligation to explain why the rebuttal statement, as relevant evidence, should not be admitted. 2021 WL 4476748, *8. In that case, physician Elizabeth Schacht[5] was hired by the VA and subsequently removed from federal service with her clinical privileges permanently revoked after complaints of inappropriate conduct. Schacht appealed that decision to an appointed DAB. Prior to her hearing, the DAB prohibited Schacht from introducing a supplemental evidence file containing records of her past performance and evidence intended to show bias on behalf of testifying witnesses. The district court reviewing the DAB's decision determined the summary exclusion of Schacht's supplemental evidence file "violated established principles of agency adjudication because the materials were at least arguably relevant and the DAB failed to give any reason justifying the exclusion." 2021 WL 4476748, at *8. The district court remanded so the DAB could articulate its reasons in excluding the evidence.

But, Schacht's situation contrasts with Plaintiff's experience in a meaningful way. With Schacht, the DAB made it clear that the excluded supplemental evidence could not

---

[5] The plaintiff in *Doe* initially proceeded under the pseudonym Jane Doe. 2021 WL 4476748. The court of appeals eventually named Jane Doe as Elizabeth Schacht. *Schacht v. Lieberman*, 103 F.4th 794, 797 (D.C. Cir. 2024).

be used as the basis for any question. Schacht could not ask about anything that did not exist in the admitted evidence file, and none of the additional records or sworn testimony would be considered. Schacht's supplemental evidence was entirely excluded without any justification.

In the instant matter, first, the DAB *did*, to the court's satisfaction, provide its justification for excluding the rebuttal statement. The rebuttal statement was untimely. Second, the DAB effectively proceeded in the complete opposite manner with respect to the information in Plaintiff's rebuttal statement. During the hearing, the DAB informed Plaintiff he could use and reference, but not read directly from, the rebuttal statement. Plaintiff's counsel then asked Plaintiff if he could proceed with answering questions, and Plaintiff answered he could not, because the evidence file only contained one year's worth of information. Plaintiff's counsel then ended his examination of Plaintiff. Agency counsel chose to not cross-examine Plaintiff. It was the DAB that then proceeded to elicit information from Plaintiff, as much as it could, to respond to the 22 specifications. The DAB questioned Plaintiff about each and every specification, and expressly permitted Plaintiff to refer to his notes, albeit very briefly, before answering questions. So here, in marked contrast with Schacht, Plaintiff's *document* was excluded, but the *information* therein was not. Indeed, the DAB told Plaintiff multiple times that he could use and refer to the rebuttal statement in answering questions.

As the *Lieberman* court explained, an agency's obligation to explain why relevant evidence should not be admitted is rooted in the principle that the agency "cannot rightly exclude from consideration facts and circumstances relevant to its inquiry which

upon due consideration may be persuasive weight in the exercise of its discretion." 2021 WL 4476748, at *8. Here, the DAB was persistent in its attempts to elicit any information from Plaintiff to present his case, and expressly allowed the information Plaintiff had compiled in his rebuttal statement, despite Plaintiff's indication that since he would not be able to testify fully, he would not testify at all. It cannot be said that the DAB excluded from consideration the facts and circumstances relevant to its inquiry. *Id.*

Finally, the court is not persuaded by Plaintiff's argument that the rebuttal statement's introduction was necessitated by refusing to grant Plaintiff's last extension. Plaintiff stated in the hearing that the rebuttal statement "took [him] several months to put together." USA2133-2134. The latest deadline the DAB gave Plaintiff to submit pre-hearing motions or requests for exhibits was March 8. If Plaintiff had taken several months to draft his rebuttal statement and intended for it to be considered by the DAB, he should have submitted his statement by March 8. If he had only intended to use it as notes, that was permitted by the DAB. If Plaintiff's characterization is credited, that he only introduced the rebuttal statement because the DAB refused to grant his last extension, then it is not clear why Plaintiff did not submit the statement once the request for an extension was denied, or at least indicate to the DAB that he would submit the statement in lieu of an expert. Rather, Plaintiff sent his rebuttal statement to VAIHCS on May 31, which was forwarded to the DAB on June 1, the day before the hearing.

The DAB's refusal to admit the rebuttal statement was not arbitrary or capricious. See *Dubnow*, 30 F.4th at 610.

13

*Aggravating and Mitigating Factors*

Plaintiff argues that the DAB failed to weigh the aggravating and mitigating

factors in imposing its penalty of removal as established in *Douglas v. Veterans Admin.*, 5

M.S.P.R. 280 (M.S.P.R. April 10, 1981), and incorporated into VA Handbook 5021,

*Employee/Management Relations*, Part II, Appendix. Defendant argues that the

aggravating and mitigating factors document and the DAB's statements in the Board

Action form (VA Form 10-2543) adequately addressed the *Douglas* factors. Plaintiff

responds that merely pointing to aggravating and mitigating factors in the record

without further consideration of those factors in light of the evidence introduced at the

hearing was insufficient to meet *Douglas*' requirements.

The DAB was not required to consider the *Douglas* factors.[6] *Kreso v. McDonald*,

631 F. App'x 519 (10th Cir. 2015) (affirming "the *Douglas* factors are not binding on the

DAB"); *Wilkinson v. Dep't of Veterans Affs.*, 2021 WL 1163756, at *4 (E.D. Pa. Mar. 26,

2021) ("The Court finds the DAB followed proper procedures because the *Douglas*

Factors are not binding on the DAB, and the DAB reviewed all of the evidence,

including exhibits and testimony from Wilkinson, before upholding her removal.");

_____

[6] The court could locate only a few relevant cases in this circuit involving judicial
review of an administrative decision where the *Douglas* factors were at issue, and those
cases all involved reviews of decisions of the M.S.P.B. See, e.g., *Leonard v. McDonough*,
2024 WL 965192, at *16 (N.D. Ill. Mar. 6, 2024); *Richards v. Wilkie*, 2020 WL 5763665, at
*20 (N.D. Ill. Sept. 27, 2020); *Pearman v. Whitman*, 2002 WL 485354, at *7 (N.D. Ill. Apr. 1,
2002); *Montgomery v. Scialla*, 2022 WL 971476, at *14 (N.D. Ill. Mar. 31, 2022), aff'd sub
nom. *Montgomery v. Scialla Assocs., Inc.*, 2022 WL 17075972 (7th Cir. Nov. 18, 2022), cert.
denied, 143 S. Ct. 1789 (2023). Thus, the court turns to persuasive authority on this
point.

contra *Lerner v. Shinseki*, 2013 WL 5592906, at *20 (W.D. Ky. Oct. 10, 2013) (finding DAB's failure to appropriately consider and weigh *Douglas* factors was arbitrary and capricious). The *Douglas* factors are binding on Merit Systems Protection Board panels, but not the DAB. See *id.*

Thus, the DAB's penalty determination should only be disturbed if there is no rational basis for it. See *Dubnow*, 30 F.4th at 610 (citing *Doran*, 768 F.App'x at 349 n.6). A court "will uphold the penalty chosen by the DAB so long as the DAB 'examined the relevant data and articulated a satisfactory explanation for its decision, including a rational connection between the facts and the decision made.'" *Doran*, 768 F. App'x at 352 (quoting *Kreso*, 631 F.App'x at 523-24); see also *Doe v. Lieberman*, 2022 WL 3576211, at *16 (D.D.C. Aug. 11, 2022), aff'd sub nom. *Schacht v. Lieberman*, 103 F.4th 794 (D.C. Cir. 2024) (finding that even if DAB's analysis of *Douglas* factors could or should be different, removal penalty must be upheld because DAB "examined the relevant data and articulated a satisfactory explanation for its decision").

Under the highly deferential arbitrary and capricious standard, the court finds that the DAB did enough—but only *barely*—for the court to uphold the removal decision. The entirety of the DAB's penalty determination is as follows:

> The Board, having sustained Charge 1 and 2, based upon a preponderance of the evidence, sustains the penalty determination of removal and revocation of privileges made by the Deciding Official. The sustained charges are serious. Charge 1 directly relates to the standard of care and professional judgment maintained by Dr. Peterson in his clinical practice. The Clinical Executive Board (CEB) voted unanimously to revoke Dr. Peterson's privileges (HT, p. 16 – p. 18, line 2). The Board reviewed the Aggravating Factors listed in paragraph 3 of the Proposed Removal (M-1, p. 34) and the Title 38 Aggravating and Mitigating Factors as outlined by

the Proposing Official (M-1, pp. 40 – 43), and the Deciding Official's summary of factors considered in imposing the penalty, including the gravity of the sustained charges (M-1, p. 10, para. 3). The Board sustains the penalty of removal and revocation of privileges as the penalty is appropriate and within the range of reasonableness.

USA2198.

This is certainly a decision with "less than ideal clarity." See *Motor Vehicle Mfrs.*, 463 U.S. at 43. But, the court will still uphold the decision because the DAB's path can reasonably be discerned. *Id.* Under Charge 1, ten specifications were sustained regarding Plaintiff's inappropriate medical care with respect to pain management through opioids, including prescribing and dosing for patients with various risk factors, and failure to conduct drug testing in appropriate time periods. The DAB concluded that the charges were serious, particularly noting that Charge 1 directly related "to the standard of care and professional judgment maintained by Dr. Peterson in his clinical practice." The DAB also reviewed the relevant data when it reviewed the aggravating factors, the *Douglas* factors in the Title 38 Aggravating & Mitigating Factors memorandum[7] and Bransky's summary of factors in the removal decision, and determined that the penalty of revocation and removal was reasonable. That determination is consistent with Teran's statements in the Title 38 Aggravating & Mitigating Factors memorandum that the penalty of removal and revocation of

---

[7] As stated, the DAB was not *required* to consider the *Douglas* factors, but it was permitted to in making its penalty determination. *Kreso v. Shinseki*, 67 F. Supp. 3d 1235, 1250 (D. Colo. 2014), aff'd sub nom. *Kreso*, 631 F. App'x at 519 (reviewing non-mandatory *Douglas* factors—because the DAB had reviewed the VA's *Douglas* factors analysis in its initial termination decision—to determine if there was a rational connection between the DAB's factual findings and the termination decision).

16

privileges is within the appropriate penalty range from the Table of Penalties in the VA
Handbook, and consistent with other employees that have received action through the
credentialing committee. The nature and severity of the sustained charges, in
combination with its review of the relevant data, led the DAB to sustain the penalty of
removal and revocation of privileges. The DAB could have, and perhaps should have,
done more to describe its reasoning behind its penalty determination. But, under the
highly deferential standard, the DAB did enough.

The DAB's decision to uphold the removal decision was not arbitrary or
capricious. See *Dubnow*, 30 F.4th at 610.

*Failure to Adhere to Procedures*

Plaintiff argues that VAIHCS's failure to adhere to its own procedures was
arbitrary and capricious, specifically because it: 1) failed to complete a comprehensive
review of the record within 30 days of Plaintiff's summary suspension, while also
denying his final request for extension, 2) did not have the Chief of Staff or Acting Chief
of Staff sign Plaintiff's removal letter, and 3) failed to provide Plaintiff with a complete
copy of all the evidence upon which its charges were based.

First, VAIHCS granting itself extensions to complete the comprehensive review
was done in accordance with procedure and was not arbitrary or capricious. See
*Dubnow*, 30 F.4th at 610. VAIHCS granted itself eight consecutive 30-day extensions to
complete the comprehensive review. However, five of those extensions were due to the
global COVID-19 pandemic. These are excusable extensions. Hospitals and medical
facilities, particularly those dealing with older patients, were among the most affected

by the pandemic. The three other extensions were "to allow for the Medical Center Director and Chief of Staff to complete any necessary duties under the Bylaws and Rules of the Medical Staff of the VA Illiana Health Care System[,]" one of which was before the COVID-19 pandemic began, and two of which came after the COVID-19 extensions.

The VHA Handbook expressly provides for the situation where a comprehensive review cannot be completed in 30 days—it requires that the circumstances be documented and include an expectation of when the comprehensive review will be completed. VAIHCS fulfilled those requirements and acted in accordance with procedure with each extension letter by stating it needed 30 additional calendar days and the reason it needed additional time.

Plaintiff contends that "Defendant hides behind COVID, but Plaintiff was not immune from the effects of the pandemic and should have been extended the same courtesies that Defendant extended to itself." The court would note that Plaintiff did receive multiple extensions of the hearing date. Plaintiff's hearing was originally scheduled for January 6, 2021, but after multiple extensions, the hearing was eventually held on June 2, 2021. VAIHCS's extensions of time, especially in light of the circumstances of the COVID-19 pandemic, were done in accordance with procedure and were not arbitrary or capricious. See *Dubnow*, 30 F.4th at 610.

Second, Plaintiff has not explained how the fact that the removal was signed by Naidu, instead of the Chief of Staff or Acting Chief of Staff, was arbitrary or capricious. Plaintiff gives no information explaining how this impacted Plaintiff at all. Plaintiff's

argument is underdeveloped and conclusory, and is therefore waived. See *Mahaffey v. Ramos*, 588 F.3d 1142, 1146 (7th Cir. 2009). Additionally, the court is satisfied by the DAB's assessment of the issue in VA Form 10-2543 that the error was harmless to Plaintiff.

Third, Plaintiff alleges that VAIHCS failed to provide Plaintiff with a complete copy of all the evidence upon which its charges were based, and that the lack of available evidence covering the entire term of Plaintiff's treatment of some patients made it impossible for him to fully address the charges against him concerning his treatment of patients. But Defendant responds, and Plaintiff did not dispute in his Reply, that the documents relied on as the basis for the action taken were all contained in the evidence file. The parties disagree about exactly when Plaintiff received the evidence file, but the parties' statements indicate that Plaintiff received the evidence file no later than late November 2020. Additionally, the DAB asked Plaintiff about each specification, and Plaintiff was able to refer to and discuss information from his rebuttal statement. Based on these arguments, VAIHCS provided Plaintiff with a complete copy of the evidence and he was able to adequately address the charges against him.

2. <u>Due Process</u>

Plaintiff argues that the VA's final decision to terminate his employment should be reversed because he was denied his constitutional right to a fair hearing before the DAB. He argues that the DAB's failure to admit his rebuttal statement violated his constitutional right to due process by prohibiting him from presenting his side of the story. He also argues that refusing to grant an additional extension to allow his retained

19

expert to review the evidence file essentially "cut off" Plaintiff's entitlement to an expert to assist in his defense, effectively denying him the opportunity to put on a defense. Plaintiff states that that denial, coupled with the "many violations of the VA's own procedures[,]" has denied him his right to due process.

Defendant argues that Plaintiff received sufficient process, summarizing the process and sequence of events from when Plaintiff received written notice of failing to meet clinical standards, to the six months of extensions requested by Plaintiff. Defendant states that Plaintiff was given multiple opportunities to submit supporting evidence, and gave testimony in support of his position at the hearing, which was sufficient process.

The parties agree that Plaintiff, as a physician employed full time at VAIHCS, had a property interest in his position and was entitled to due process.[8] See *Hannon v.*

---

[8] Plaintiff also states that he had a liberty interest in his good name and future professional employment, citing *McGregor v. Greer*, 748 F. Supp. 881, 885 (D.D.C. 1990) ("[A] public employee has a liberty interest in [their] professional reputation, particularly when forced to find other employment."). Plaintiff's argument on this point is underdeveloped, stating that "[Plaintiff] had a liberty interest in his good name and future professional employment, which was negatively affected by the VA's report to the NPDB, which can create 'stigma and reputational harm pos[ing] a substantial threat to [a doctor's] ability to gain or maintain employment to support his practice.' *Walker v. Mem'l Health Sys.*, 321 F. Supp. 3d 210, 216 (E.D. Tex. 2017)."

The court makes no findings about Plaintiff's claim of a liberty interest because, having established his property interest under clear precedent, Plaintiff is entitled to due process all the same. See *Wood v. Peoria Sch. Dist. 150*, 162 F. Supp. 3d 786, 795 (C.D. Ill. 2016) ("In the liberty interest context, due process requires some form of a hearing and adequate notice of that hearing."); see also *Hagan v. Quinn*, 838 F. Supp. 2d 805, 813 (C.D. Ill. 2012) ("In such cases, due process requires the individual be given an opportunity to refute the charges."); *Snowden v. Adams*, 814 F. Supp. 2d 854, 874 (C.D. Ill.

*Turnage*, 892 F.2d 653, 656 (7th Cir. 1990); *Cleveland Bd. of Educ. v. Loudermill*, 470 U.S. 532, 538-41 (1985).

"When a public employee has a property interest in his or her job, the constitutional requirements for predeprivation procedures are well-established: notice of the proposed deprivation, a statement of reasons, and an opportunity to be heard in response." *Bradley v. Vill. of Univ. Park, Illinois*, 929 F.3d 875, 882 (7th Cir. 2019) (quoting *Board of Regents v. Roth*, 408 U.S. 564, 569-70 (1972)). While "[b]eing fired from a job does not require a predeprivation hearing that approximates a full trial[,]" it does require the basics of predeprivation due process. *Id.*

Plaintiff challenges the third procedural requirement, arguing that his due process rights were violated because rejecting the rebuttal statement effectively prohibited Plaintiff from "present[ing] his side of the story." See *Loudermill*, 470 U.S. at 546. The court disagrees. Plaintiff had a hearing before the DAB wherein Plaintiff was permitted to call and examine witnesses with relevant information, submit an expert witness, present an opening and closing statement, designate an attorney to represent him at the hearing, and submit motions and requests for exhibits. Indeed, Plaintiff took advantage of those things—he disclosed six witnesses to testify, submitted an expert witness that the DAB subsequently approved, and was represented by counsel at the hearing who presented an opening and closing statement on Plaintiff's behalf.

---

2011) (discussing that "name-clearing hearing" is appropriate remedy for deprivation of a liberty interest, or compensatory or nominal damages if hearing is inadequate).

Plaintiff's rebuttal statement was submitted two days before the hearing,[9] and consequently, the DAB denied its admission as untimely. As discussed, Plaintiff initially declined to give almost any testimony at the hearing, effectively stating that because the evidence file only contained one year's worth of information and because he could not access other records, he could not respond to the specifications. At that point, Plaintiff's counsel ended questioning. But Plaintiff was still given the chance, even encouraged by the DAB, to testify and explain his side of the story. Plaintiff then proceeded to testify about each specification, at the DAB's questioning. He was permitted to use and reference his notes while answering questions.

Plaintiff also has not persuaded the court that the DAB's refusal to grant an additional extension for his expert to review the evidence file denied Plaintiff the opportunity to put on a defense. Plaintiff disclosed his expert on May 17, 2021, and the expert was approved the next day. The hearing was held June 2, 2021. There was two weeks' time for the expert to conduct a review. Based off Plaintiff's filings, the court is none the wiser as to why two weeks was not enough time for Plaintiff's expert to review the file. It may well have not been enough time, but without giving more details as to why it was not, the court cannot find that denying the final request for extension denied Plaintiff the opportunity to put on a defense. Even in combination with refusing

---

[9] As previously noted, Plaintiff sent his rebuttal statement to VAIHCS on May 31, which was forwarded to the DAB on June 1, the day before the hearing.

to admit the rebuttal statement, and violation of procedure,[10] Plaintiff was not denied

due process.

There was sufficient opportunity for Plaintiff to be heard. See *Bradley*, 929 F.3d at

882. The court finds that Plaintiff's process was constitutionally sufficient. See *id.*;

*Knutson*, 932 F.3d at 576-78.

IT IS THEREFORE ORDERED:

1) The Department of Veterans Affairs' final decision, which executed the
   Disciplinary Appeals Board's decision, is hereby AFFIRMED.

2) Defendant's Response in Opposition to Plaintiff's Memorandum of Law in
   Support of Complaint for Judicial Review and Defendant's Cross Motion for
   Summary Judgment (#16) is GRANTED.

3) This case is TERMINATED.

ENTERED on this 12th day of November 2024.

s/ *Colin S. Bruce*
COLIN S. BRUCE
U.S. DISTRICT JUDGE

---

[10] As discussed above, the court found VAIHCS only violated the procedure requiring
that the removal be signed by the Chief of Staff or Acting Chief of Staff, which was a
harmless procedural error.

Case: 2:21-cv-02293-CSB-EIL    # Document: 20    Filed: 11/12/24    Page: 1 of 1
Case: 25-1004    Document: 1-1    Filed: 01/02/2025    Pages: 33    (33 of 33)
Judgment in a Civil Case (02/11)

E-FILED
Tuesday, 12 November, 2024  03:14:11 PM
Clerk, U.S. District Court, ILCD

# UNITED STATES DISTRICT COURT

for the

Central District of Illinois

| | | |
|---|---|---|
| Dr. John Peterson | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | Case Number: 21-cv-2293 |
| | ) | |
| Secretary of Veterans Affairs, | ) | |
| Denis R McDonough, | ) | |
| United States Department of Veterans | ) | |
| Affairs, | ) | |
| | ) | |
| Defendants. | ) | |

## JUDGMENT IN A CIVIL CASE

☐ **JURY VERDICT.** This action came before the Court for a trial by jury. The issues have been tried and the jury has rendered its verdict.

☒ **DECISION BY THE COURT.** This action came before the Court, and a decision has been rendered.

       **IT IS ORDERED AND ADJUDGED** The Department of Veterans Affairs' final decision, which executed the Disciplinary Appeals Board's decision, is hereby AFFIRMED. Defendant's Response in Opposition to Plaintiff's Memorandum of Law in Support of Complaint for Judicial Review and Defendant's Cross Motion for Summary Judgment (#16) is GRANTED.

**Dated: 11/12/2024**

                         s/ Shig Yasunaga

                         Shig Yasunaga

                         Clerk, U.S. District Court